IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER HISHMEH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CABOT COLLECTION | : | |
| SYSTEMS, L.L.C. | : | NO. 13-4795 |

MEMORANDUM

McLaughlin, J.                                  February 4, 2014

        This action arises from the plaintiff, Jennifer

Hishmeh, receiving a debt collection letter from the defendant,

Cabot Collection Systems, LLC ("Cabot"), for an alleged medical

debt.  The plaintiff filed this suit against Cabot for violation

of a subsection of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692g, due to an improper validation

notice in Cabot's debt collection letter.  The plaintiff has

moved for judgment on the pleadings pursuant to Federal Rule of

Civil Procedure 12(c), arguing that the validation notice in the

defendant's letter is deficient in three ways.  The Court will

grant this motion.

I.   <u>Background</u>[1]

Jennifer Hishmeh is a consumer who resides in Coatesville, Pennsylvania.  Compl. ¶ 6.  Cabot Collection Systems, LLC is a New Jersey collection agency and is a "debt collector" subject to the FDCPA.  <u>Id.</u> ¶ 7.  On May 15, 2013, Cabot sent Hishmeh a letter in connection with a medical debt that was allegedly due.  <u>Id.</u> ¶ 11; Compl., Ex. A ("Collection Letter").  The Collection Letter contains a notice with information about the alleged debt.  It states, in relevant part:

> IF YOU WISH TO DISPUTE THE VALIDITY OF ALL OR ANY PORTION OF THIS DEBT, OR WOULD LIKE THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR (IF DIFFERENT FROM THE ONE MENTIONED), YOU MUST ADVISE US WITHIN 30 DAYS OF THIS NOTICE.  OTHERWISE, WE WILL ASSUME THE ENTIRE DEBT TO BE VALID.  HOWEVER, IF YOU CONTACT THIS AGENCY SETTING FORTH THE DETAILS OF YOUR DISPUTE AS TO THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, WE WILL OBTAIN VERIFICATION OF THE DEBT, AND A COPY WILL BE MAILED TO YOU FOR YOUR RESPONSE.

This paragraph is located in the bottom quarter of the letter, which is single-sided.  The notice is without emphasis, in approximately an eight-point serif typeface.  <u>See</u> Collection Letter; <u>see also</u> Compl. ¶ 18.

---

[1] The Court views the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.  <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214, 220 (3d Cir. 2005).  Cabot stipulates to the facts as recited in Hishmeh's motion.  Def.'s Opp. at 1.

The letter also includes the text "**NOTICE OF DELINQUENCY**," which is centered in the page in a sixteen-point sans serif typeface.  The letter states, "CALL OUR OFFICE TO DO A **CHECK BY PHONE OR A CREDIT/DEBIT CARD PAYMENT** WHICH WILL ALLOW US TO CREDIT YOUR ACCOUNT IMMEDIATELY," and "**DO NOT IGNORE THIS NOTICE – CONTACT THIS OFFICE IMMEDIATELY!!**"  Both statements are located approximately two-thirds of the way down the letter, with the former in an approximately twelve-point sans serif typeface and the latter in an approximately fourteen-point sans serif typeface.  See Collection Letter.

In her complaint, Hishmeh alleges that the Collection Letter violates § 1692g(a) of the FDCPA, which requires that a debt collector provide a consumer with a "validation notice" containing certain information about the alleged debt and the consumer's rights.  Hishmeh claims that the Collection Letter fails to effectively provide her with that statutory notice.

The plaintiff filed this motion for judgment on the pleadings, contending that there are no material issues of fact and, on these facts, Hishmeh is entitled to judgment as a matter of law.  Cabot contests that the underlying facts do not support a finding of liability in the plaintiff's favor and that the complaint should be dismissed with prejudice.

3

The parties have stipulated that, should the Court find in favor of the plaintiff, statutory damages to be assessed against Cabot are fixed at $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); see also Pl.'s Mot., Ex. B.

## II.  Legal Standard

The Federal Rules of Civil Procedure provide that, after the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings should be granted only if the moving party "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).  The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  Sikirica, 416 F.3d at 220.

In deciding a motion for judgment on the pleadings, the Court considers the pleadings and attached exhibits, matters of public record, and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents."  Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).

4

Here, the parties stipulate to the relevant facts. Def.'s Opp. at 1.  Accordingly, no material facts are in dispute, and so resolution on a Rule 12(c) motion is appropriate.

III. <u>Discussion</u>

 A. <u>The Fair Debt Collection Practices Act</u>

The purpose of the FDCPA was to provide a remedy to victims of abusive, deceptive, and unfair collection practices by debt collectors.  <u>Lesher v. Law Offices of Mitchell N. Kay, PC</u>, 650 F.3d 993, 996-97 (3d Cir. 2011).  To carry out the Act's remedial purposes, courts are to construe its terms broadly. <u>Id.</u> at 997.  The FDCPA is a strict liability statute, and so intent need not be shown.  <u>Allen ex rel. Martin v. LaSalle Bank, N.A.</u>, 629 F.3d 364, 367-68 (3d Cir. 2011).   The applicable section of the FDCPA reads:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
>  . . . .
>
>  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof,

the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

In her motion for judgment on the pleadings, the plaintiff raises three ways in which the validation notice is allegedly defective:  (1) the notice is incorrect in stating that the consumer must contact Cabot "setting forth the details of [her] dispute" in order to dispute the validity of the debt; (2) the notice fails to include that any dispute as to the validity of the debt, request for verification, or request for the name of the original creditor, must be in writing; and (3) the validation notice is not effectively conveyed due to language that overshadows and contradicts the notice.  The Court agrees with the plaintiff on all three points.

6

B.    "Least Sophisticated Debtor" Analysis

Communications that form the basis of FDCPA claims are "analyzed from the perspective of the least sophisticated debtor," a standard lower than a "reasonable debtor."  Rosenau, 539 F.3d at 221 (citing Brown v. Card Servs. Ctr., 464 F.3d 450, 454 (3d Cir. 2006), and Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)).  Courts use the least sophisticated debtor standard to determine whether the validation notice was overshadowed or contradicted by other messages or notices from the debt collector.  Caprio v. Healthcare Revenue Recovery Grp., 709 F.3d 142, 149 (3d Cir. 2013).  Under this standard, a collection communication violates the FDCPA "when it can be reasonably read to have two or more different meanings, one of which is inaccurate."  Id.

The debt collector's letter to the debtor is "not required to quote directly from the language of the statute," but rather the document as a whole must demonstrate that "the notice would inform sufficiently a least sophisticated debtor of his debt validation rights."  Smith v. Hecker, No. 04-5820, 2005 WL 894812, at *5-6 (E.D. Pa. Apr. 18, 2005).  In the Third Circuit, it is a question of law as to whether language in a debt collector's communication to the debtor contradicts or

7

overshadows the required validation notice.  <u>Wilson</u>, 225 F.3d at 353 n.2.

The debt collector cannot, however, be held liable for bizarre or idiosyncratic interpretations.  <u>Wilson</u>, 225 F.3d at 354-55.  For example, even the least sophisticated debtor is expected to read any notice in its entirety.  <u>Caprio</u>, 709 F.3d at 149.

The Third Circuit concluded that "the juxtaposition of two inconsistent statements . . . rendered the statutory notice invalid under section 1692g."  <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991).  "A notice of rights, when presented in conjunction with . . . a contradictory demand, is not effectively communicated to the debtor."  <u>Id.</u>

Another case from the Pennsylvania federal courts found a violation of § 1692g in the following language:  "Unless you supply us with substantive information providing payment within 30 days after receipt of this notice, we will consider this a valid claim.  If you provide us with a dispute within 30 days we will investigate your dispute and obtain verification."  <u>Dutterer v. Thomas Kalperis Int'l, Inc.</u>, 767 F. Supp. 2d 504, 506 (E.D. Pa. 2011).  "[F]rom the perspective of the least sophisticated debtor, the notice could give the impression that the debtor has to do more than merely notify the debt collector

8

of the dispute." Id. at 509.  Therefore, because "the collection notice could confuse the least sophisticated debtor as to his burden when he receives a validation notice," the plaintiff stated a claim for violation of the FDCPA.  Id.

The language at issue here includes the following statements:  "If you wish to dispute the validity of all or any portion of this debt, or would like the name and address of the original creditor (if different from the one mentioned), you must advise us within 30 days after receipt of this notice. . . . However, if you contact this agency setting forth the details of your dispute as to the validity of this debt, . . . we will obtain verification of the debt . . . ."  Collection Letter (emphasis added) (formatting altered).

Although the language of this letter may not be as confusing as that in Dutterer, the Court finds that opinion persuasive in this context.  The first sentence tells the debtor to "advise" Cabot that the debtor wants to dispute her debt.  The second sentence requires the debtor to communicate details of the dispute in order to obtain verification of the debt.  The least sophisticated debtor could read this contradictory language as being required to state details related to her dispute in order obtain

9

verification of the debt or to dispute the validity of the debt at all.  No such details are required.  <u>Dutterer</u>, 767 F. Supp. 2d at 509; <u>Graziano</u>, 950 F.2d at 111.

Therefore, Cabot's validation notice, particularly the language requiring the debtor to "set[] forth the details of her dispute," violates § 1396g(a)(3).

C.   <u>"Writing" Requirement Under § 1692g(a)</u>

Both 15 U.S.C. § 1692g(a)(4) and (5)[2] require that a consumer notify a debt collector "in writing" in order to obtain verification of the debt and the name and address of the original creditor.  The Third Circuit has concluded that "subsection (a)(3), like subsections (a)(4) and (a)(5),

---

[2] Although Cabot is correct that Hishmeh did not cite § 1692g(a)(4) or (5) in her complaint, Hishmeh did state in Count I of her complaint that the Collection Letter failed to "effectively provide Plaintiff with the statutory Notice required by 15 U.S.C. § 1692g." Compl. ¶ 24.  Hishmeh also discusses "subsections (a)(1)-(5)" as setting forth the FDCPA's statutory notice requirements.  <u>Id.</u> ¶ 12.  The Court recognizes that Hishmeh's complaint does not discuss the necessity of a "writing" from the debtor, but the Court finds that Hishmeh's allegations citing both § 1692g in general and its subparts to plead a violation of § 1692g(a)(4) and (5).

Furthermore, Hishmeh is correct that she filed her initial motion for judgment on the pleadings in December 2013.  After that motion was denied without prejudice, Cabot had approximately one month's notice regarding the substance of Hishmeh's claims before this motion was renewed on January 10, 2014.

contemplates that any dispute, to be effective, must be in writing." <u>Graziano</u>, 950 F.2d at 112.[3]  Here, Cabot's validation notice to Hishmeh states the following:

- "If you wish to dispute the validity of all or any portion of this debt, or would like the name and address of the original creditor . . . , <u>you must advise us within 30 days after the receipt of this notice.</u>"

- "If <u>you contact this agency</u> setting forth the details of your dispute as to the validity of this debt . . . we will obtain verification of the debt . . . ."

Collection Letter (formatting altered) (emphasis added).

These passages from the validation notice state that Hishmeh should "advise" or "contact" Cabot, but do not instruct her to do so in writing.  The least sophisticated debtor could have interpreted the Collection Letter to mean that there was a way to dispute the debt other than in writing.  Specifically, Hishmeh could have interpreted the letter to mean that the debt could be contested in writing or through some other form. Because the Third Circuit and the FDCPA require that any dispute

---

[3] The Supreme Court, however, has not stated whether subsection (a)(3) requires a dispute as to the validity of the debt to be in writing.  <u>See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 559 U.S. 573, 580 n.3 (2010).

under subsections (a)(3), (a)(4), or (a)(5) be in writing, it violates the FDCPA that the least sophisticated debtor could read the validation notice to not require such a writing.

### D.   Inconspicuousness of the Validation Notice

Courts analyze both the substance and the form of a collection letter in determining whether the language in the letter contradicts or overshadows the required validation notice.  Caprio, 709 F.3d at 151.  The validation notice "must be in print sufficiently large to be read, and must be sufficiently prominent."  Graziano, 950 F.2d at 111 (citing Swanson v. S. Or. Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988)).  "'[S]creaming headlines, bright colors and huge lettering' all pointed to a deliberate policy of evading the spirit of the FDCPA and misleading the debtor into disregarding the validation notice."  Caprio, 709 F.3d at 154 (quoting Miller v. Payco-General American Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991)).

The Ninth Circuit found a notice to be misleading in both form and content where "[t]he required debt validation notice is placed at the very bottom of the form in small, ordinary face type, dwarfed by a bold faced, underlined message

three times the size which dominates the center of the page." Wilson, 225 F.3d at 359 (quoting Swanson, 869 F.2d at 1225-26).

Similarly, the validation notice here is in approximately an eight-point typeface in standard text at the bottom of the letter.  The notice is dwarfed by two other statements that are in much larger type and bolded:  "**NOTICE OF DELINQUENCY**" and "**DO NOT IGNORE THIS NOTICE - CONTACT THIS OFFICE IMMEDIATELY!!**"  These instructions and characterizations of Hishmeh's debt are the largest and most obvious statements on the letter, rather than the validation notice that actually sets forth her rights regarding her debt.

Furthermore, the statement "CALL OUR OFFICE TO DO A **CHECK BY PHONE OR A CREDIT/DEBIT CARD PAYMENT** WHICH WILL ALLOW US TO CREDIT YOUR ACCOUNT IMMEDIATELY" is located above the validation notice.  That statement may mislead the debtor into believing that a phone call is a valid way of verifying or disputing her debt when, in the Third Circuit, a written communication on those issues is required.  Caprio, 709 F.3d at 151-52; see also Graziano, 950 F.2d at 112.

Therefore, both the form and the substance of Cabot's letter overshadows and contradicts the validation notice, violating the FDCPA.

13

IV.   <u>Conclusion</u>

    For the reasons stated above, Hishmeh's motion for judgment on the pleadings will be granted in its entirety.  An appropriate Order shall issue.